Irene Karbelashvili, State Bar Number 232223
Law Office of Irene Karbelashvili
12 South First Street, Suite 413
San Jose, CA 95113
Telephone: (408) 295-0137
Fax: (408) 295-0142

Kenneth J. Pinto, State Bar Number 221422
Law Office of Kenneth J. Pinto
12 South First Street, Suite 713
San Jose, CA 95113
Telephone: (408) 289-1765
Fax: (408) 289-1754

Attorneys for RICHARD JOHNSON, Plaintiff

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RICHARD JOHNSON,<br>Plaintiff,<br><br>vs.<br><br>GINA RUGANI and MICHAEL RUGANI, TRUSTEES OF THE GENE RUGANI EXEMPT FAMILY TRUST; DANIEL K. DRESSLAR, d/b/a HAPPY HOUND, and DOES 1-20, inclusive,<br>Defendants. | **Case No. CV-13-04460-PSG**<br><br>***Civil Rights***<br><br>**FIRSTAMENDED COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND DAMAGES: DENIAL OF CIVIL RIGHTS AND ACCESS TO PUBLIC FACILITIES TO PHYSICALLY DISABLED PERSONS, PER FEDERAL AND CALIFORNIA STATUTES (INCLUDING CIVIL CODE §§ 51, 52, 54, 54.1, 54.3, AND § 55; AND HEALTH & SAFETY CODE §§ 19955 ET SEQ.); INJUNCTIVE RELIEF PER TITLE III, AMERICANS WITH DISABILITIES ACT OF 1990** |

First Amended Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990

Page 1

**DEMAND FOR JURY TRIAL**

## I. SUMMARY

1. This is a civil rights action by Plaintiff RICHARD JOHNSON ("Johnson") for discrimination at the building, structure, facility, complex, property, land, development, and/or surrounding business complexes known as a HAPPY HOUND and located at 15899 Los Gatos Boulevard, Los Gatos, California 95032.

2. Pursuant to the Americans with Disabilities Act of 1990, (42 U.S.C. §§ 12101 *et seq.*), and related California statutes, Johnson seeks damages, injunctive and declaratory relief, and attorney fees and costs, against GINA RUGANI and MICHAEL RUGANI, TRUSTEES OF THE GENE RUGANI EXEMPT FAMILY TRUST; DANIEL K. DRESSLAR, d/b/a HAPPY HOUND, and DOES 1-20, and DOES 1-20, inclusive.

3. The true names and capacities of Defendants DOES 1 through 20, inclusive, are unknown to Plaintiff who therefore sues said Defendants by such fictitious names. Plaintiff prays leave of Court to amend this Complaint to show such true names and capacities when the same have been ascertained.

4. Plaintiff is informed and believes that each of the Defendants, DOES 1through 20 inclusive is the agent, ostensible agent, alter ego, master, servant, trustor, trustee, employer, employee, representative, franchiser, franchisee, lessor, lessee, joint venturer, parent, subsidiary, affiliate, related entity, partner, and/or associate, or such similar capacity, of each of the other Defendants, and was at all times acting and performing, or failing to act or perform, within the course and scope of such similar aforementioned capacities, and with the authorization, consent, permission or ratification of each of the other Defendants, and is

First Amended Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990
Page 2

personally responsible in some manner for the acts and omissions of the other Defendants in proximately causing the violations and damages complained of herein, and have participated, directed, and have ostensibly and/or directly approved or ratified each of the acts or omissions of each of the other Defendants, as herein described.

## II. JURISDICTION

5. This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343 for ADA claims.

6. Supplemental jurisdiction for claims brought under parallel California law, arising from the same nucleus of operative facts, is predicated on 28 U.S.C. §1367.

7. Johnson's claims are authorized by 28 U.S.C. §§ 2201 and 2202.

## III. VENUE

8. All actions complained of herein take place within the jurisdiction of the United States District Court, Northern District of California, and venue is invoked pursuant to 28 U.S.C. § 1391(b), (c).

## IV. PARTIES

9. GINA RUGANI and MICHAEL RUGANI, TRUSTEES OF THE GENE RUGANI EXEMPT FAMILY TRUST; DANIEL K. DRESSLAR, d/b/a HAPPY HOUND, and DOES 1-20, inclusive (hereinafter alternatively collectively referred to as "Defendants") own, operate, manage, and/or lease Happy Hound (hereinafter "the Restaurant"), located at 15899 Los Gatos Boulevard, Los Gatos, California, 95032 as well as its parking facilities.

First Amended Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990

Page 3

10. Plaintiff RICHARD JOHNSON is and at all times relevant herein was, a qualified individual with a physical "disability" as defined under Department of Justice regulation 28 C.F.R. §36.104 and California Government Code § 12926. Plaintiff is a paraplegic due to a severe spinal cord injury suffered in a motorcycle accident a few years ago. Plaintiff is unable to independently stand or walk, and requires the use of a wheelchair at all times for mobility. Plaintiff is unable, due to his physical disability, to independently use public facilities that are not designed and/or constructed in compliance with applicable accessibility standards to accommodate disabled persons who require a wheelchair for mobility. Plaintiff possesses a disabled parking placard issued by the State of California. Plaintiff is, and at all times relevant hereto was, a resident of Los Gatos.

## V. FACTS

11. The Restaurant with all its facilities is a sales or retail establishment as defined under Title III of the ADA, 42 U.S.C. § 121817(E), and California civil rights laws. Cal. Civ. Code § § 51 *et seq.,* and Health & Safety Code § 19955 *et seq*. The Restaurant is open to the public, is intended for nonresidential use and its operation affects commerce.

12. Johnson visited the Restaurant on many occasions and encountered barriers (both physical and intangible) that interfered with, if not outright denied, his ability to use and enjoy the goods, services, privileges, and accommodations offered.

13. For instance, on or around September 12, 2013, Plaintiff arrived to the Restaurant for dinner, parked his car and then transferred himself from the car into the wheelchair. He felt that the ramp to the Restaurant was too steep, because he applied additional efforts to wheel

First Amended Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990

Page 4

himself up. Besides, the ramp had no rails which did not allow Plaintiff to stop in the middle of the ramp. It was a pleasant evening and Plaintiff wanted to sit outside, however he could not find any ADA seats. Unfortunately, he could For instance, on or around September 12, 2013, Plaintiff arrived to the Restaurant for a dinner, parked his car and then transferred himself from the car into the wheelchair. He felt that the ramp to the Restaurant was too steep, because he applied additional efforts to wheel himself up. Besides, the ramp had no rails that did not allow Plaintiff to stop in the middle of the ramp. It was a pleasant evening and Plaintiff wanted to seat outside, however he could not find any ADA seat. Unfortunately, he could find a proper seat neither at a bar counter, nor inside. Finally Plaintiff chose a regular table, even though it was very awkward. The condiment bar was high and Plaintiff was forced to twist his body and stretch his hands in order to reach what he needed, because the lack of space in front of the condiment bar did not allow extra maneuvering. After finishing his meal, Plaintiff used a restroom, even though he was hardly able to squeeze himself through the door and felt completely trapped inside because it provided no room for maneuvering.

To the extent known by Johnson, the barriers at the Restaurant included, but are not limited to the following:

- Bathroom door is too narrow;
- No 24”x60” clear space on pull side of door;
- Bathroom is completely not compliant and does not offer maneuvering space;
- Stamped “ NO Parking” wording on asphalt are two small;
- Tow away sign information is too small for viewing;

First Amended Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990

Page 5

- The door when open limit the landing size of the outside ramp;
- Outside ramp is too steep;
- Outside ramp has no railings;
- No ADA seating tables on patio;
- No ADA seating tables on the inside;
- Outside cashier counter is too high;
- No exterior directional signage;
- Carpet by door is a tripping hazard;
- Condiment bar is high;
- No clear space in front of condiment bar;
- No ADA counter seating on bar;
- Outside condiment counter is too high.

These barriers prevented Johnson from enjoying full and equal access at the Restaurant.

14. Johnson was also deterred from visiting the Restaurant because he knew that the Restaurant's goods, services, facilities, privileges, advantages, and accommodations were unavailable to physically disabled patrons such as himself. He continues to be deterred from visiting the Restaurant because of the future threats of injury created by these barriers.

15. Johnson also encountered barriers at the Restaurant which violate state and federal law, but were unrelated to his disability. Nothing within this complaint, however, should be construed as an allegation that Johnson is seeking to remove barriers unrelated to his disability.

16. During the March 21, 2014 Joint Inspection, Plaintiff's consultant identified the

following accessibility barriers:

- Exterior Accessible Route - there is not an accessible route from the public right of way to an accessible entry and other accessible site elements in multiple locations
- Exterior Accessible Route – The cross slope of the accessible route is greater than 1:50 or 2% in multiple locations.
- Exterior Accessible Route – The accessible route has abrupt vertical changes in level greater that 1/4inches.
- Exterior Accessible Route – Benches do not provide for a clear space next to the short side of the bench.
- Exterior Accessible Route – The walk drops more than 4" inches without any edge protection.
- Exterior Accessible Route - The doormats are not secured to the floor, and do not have beveled edges, or are worn.
- Exterior Accessible Route – There is no directional and informational signage along the exterior route of travel.
- Parking – There is not an accessible route of travel from the accessible parking space access aisle to the customer entry/exit door.
- Parking – The access aisle surface slopes exceed 1:50 or 2% in all directions.
- Parking – The words "NO PARKING" are not painted in white on the ground within each access aisle.
- Ramps – The rise of the ramp run is greater than 6 Inches but no handrails are provided.
- Ramps – The slope of the ramp is not 1:12 (8.3%) or less.

- Door Encroachment into Ramp – The door, in any direction, reduces the minimum dimension of the ramp landing to less than 42 inches.

- Exterior Cashier Counters – There is not a 30 inch x 48 inch clear floor area in front of the counter.

- Exterior Cashier Counters – The top of the counter is not 28 inches to 34 inches above the finished floor.

- Exterior Cashier counters – The reach ranges for mounted objects are not 48 inches high, 46 inches over an obstruction 20 to 25 inches deep side reach(maximum obstruction is 34 inches high), , 44 inches over an obstruction 20 to 25 inches deep front reach, or 15 inches low.

- Main customer entry/exit doors – The clear floor area on the pull side of the door beyond the strike jamb is not at least 24 inches wide x 5 feet (60 inches) deep.

- Main customer entry/exit doors – The clear floor area on the pull side of the door is not at least 5 feet (60 inches) deep by the clear width of the door.

- Main customer entry/exit doors – The clear floor area on the pull side of the door is not at least 48 inches deep by the clear width of the door.

- Main customer entry/exit doors – It does not take at least 3 seconds for the door to close from a position of 70 degrees to 3 inches from the closed position.

- Interior Accessible Route- The reach ranges for mounted objects are not 48 inches high, 46 inches over an obstruction 20 to 25 inches deep side reach(maximum obstruction is 34 inches high), , 44 inches over an obstruction 20 to 25 inches deep front reach, or 15 inches low.

- Interior Accessible Route – There is not a 30 inch x 48 inch clear floor area in front of the condiments counter.
- Interior Food Eating Counters – The top of the counter is not 28 inches to 34 inches above the finished floor.
- Outside Table Seating Areas – There is not an accessible route from the service counter to the seating area and to the related toilet facilities.
- Outside Table Seating Areas – There are not at least 5% of the seating positions accessible.
- Outside Table Seating Areas – There is no knee space 27 inches high, 30 inches wide, and 19 inches deep.
- Outside Table Seating Areas – There is not one full unobstructed side of seating adjoining or overlapping an accessible aisle.
- Inside Table Seating Areas – There are not at least 5% of the seating positions accessible.
- Inside Table Seating Areas – There is no knee space 27 inches high, 30 inches wide, and 19 inches deep.
- Customer Restrooms – There is no sign directing users to an accessible customer restroom.
- Customer Restrooms – There is no accessible route to the restroom door.
- Customer Restrooms – The narrowest clear width of the doorway opening is not at least 32 inches when a single leaf of the door is open to a 90 degree position.
- Customer Restrooms – There door height clearance is not a minimum of 80 inches.

- Customer Restrooms – The clear floor area on the pull side of the door beyond the strike jamb is not at least 18 inches x 5 feet (60 Inches) deep.
- Customer Restrooms – The threshold is not beveled at 1:12 unit slope or shallower.
- Customer Restrooms – The door handle is not easy to operate with a closed fist.
- Customer Restrooms – The door lock is not easy to operate with a closed fist.
- Customer Restrooms – It does not take at least 3 seconds for the door to close from a 70 degree open position to 3 inches from closed.
- Customer Restrooms – The WC (water closet) does not have a minimum 60 inches wide x 48 inches deep clear floor space provided.
- Customer Restrooms – There is not a space 60 inches from the side wall x 59 inches from the rear wall available.
- Customer Restrooms – The grab bars provided are not fastened to the wall.
- Customer Restrooms – There is not at least 30 inches wide x 48 inches deep clear floor space in front of the seat cover dispenser.
- Customer Restrooms – The water closet adjacent to another fixture does not have a minimum of 28 inches wide clear floor space provided.
- Customer Restrooms – There is not at least a clear floor area that is at least 30 inches wide x 48 inches deep in front of the lavatory with no more than 19 inches of the depth under the lavatory.
- Customer Restrooms – The sink is not 18 inches from the wall.
- Customer Restrooms – The lavatory pipes and any sharp or abrasive surfaces under the lavatory are not insulated or otherwise protected from contact.

- Customer Restrooms – The bottom edge of the mirror is not at or below a height of 40 inches.

- Customer Restrooms – The soap dispenser control is not at or below a height of 40 inches.

- Customer Restrooms – The towel dispenser or hand dryer control is not at or below a height of 40 inches.

- Customer Restrooms – There is not a 5 foot diameter or T-shaped clear floor area in the restroom.

17. Defendants knew that these elements and areas of the Restaurant were inaccessible, violate state and federal law, and interfere with or deny access to the physically disabled. Moreover, Defendants have the financial resources to remove these barriers from the Restaurant without much difficulty or expense, and make the Restaurant accessible to the physically disabled. To date, however, Defendants refuse to either remove those barriers or seek an unreasonable hardship exemption to excuse non-compliance.

18. At all relevant times, Defendants have possessed and enjoyed sufficient control and authority to modify the Restaurant to remove impediments to wheelchair access and to comply with the Americans with Disabilities Act Accessibility Guidelines and Title 24 regulations. Defendants have not removed such impediments and have not modified the Restaurant to conform to accessibility standards. Defendants have intentionally maintained the Restaurant in its current condition and have intentionally refrained from altering the Restaurant so that it complies with the accessibility standards.

19. Johnson further alleges that the continued presence of barriers at the Restaurant is so

First Amended Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990
Page 11

obvious as to establish Defendants' discriminatory intent. On information and belief, Johnson avers that evidence of the discriminatory intent includes Defendants' refusal to adhere to relevant building standards; disregard for the building plans and permits issued for the Restaurant and its facilities; conscientious decision to the architectural layout as it currently exists at the Restaurant; decision not to remove barriers from the Restaurant; and allowance that the Restaurant continues to exist in its non-compliant state. Johnson further alleges, on information and belief, that Defendants is not in the midst of a remodel, and that the barriers present at the Restaurant are not isolated or temporary interruptions in access due to maintenance or repairs.

**VI. FIRST CLAIM**
**Americans with Disabilities Act of 1990**
**(TITLE III USC §12101 *et seq.*)**

**Denial of "Full and Equal" Enjoyment and Use**

20. Johnson repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 19 of this Complaint, and incorporates them herein as if separately repled.

21. Title III of the ADA holds as a "general rule" that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment or use of goods, services, facilities, privileges, and accommodations offered by any person who owns, operates, or leases a place of public accommodation. 42 U.S.C. § 12182(a).

22. Defendants discriminated against Johnson by denying "full and equal enjoyment" and use of the goods, services, facilities, privileges or accommodations of the Restaurant during each visit and each incident of deterrence.

First Amended Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990

Page 12

**Failure to Remove Architectural Barriers in an Existing Facility**

23. The ADA specifically prohibits failing to remove architectural barriers, which are structural in nature, in existing facilities where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). The term "readily achievable" is defined as "easily accomplishable and able to be carried out without much difficulty or expense." *Id.* § 12181(9).

24. When an entity can demonstrate that removal of a barrier is not readily achievable, a failure to make goods, services, facilities, or accommodations available through alternative methods is also specifically prohibited if these methods are readily achievable. *Id.* § 12182(b)(2)(A)(v).

25. Here, Johnson alleges that Defendants can easily remove the architectural barriers at the Restaurant without much difficulty or expense, and that Defendants violated the ADA by failing to remove those barriers, when it was readily achievable to do so.

26. In the alternative, if it was not "readily achievable" for Defendants to remove the Restaurant's barriers, then Defendants violated the ADA by failing to make the required services available through alternative methods, which are readily achievable.

**Failure to Design and Construct an Accessible Facility**

27. On information and belief, the Restaurant was designed or constructed or both after January 26, 1992 independently triggering access requirements under Title III of the ADA.

28. The ADA also prohibits designing and constructing facilities for first occupancy after January 26, 1993, that aren't readily accessible to, and usable by, individuals with disabilities when it was structurally practicable to do so. 42 U.S.C. § 12183(a)(1).

First Amended Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990
Page 13

29. Here, Defendants violated the ADA by designing or constructing or both the Restaurant in a manner that was not readily accessible to the physically disabled public, including Johnson, when it was structurally practical to do so.

**Failure to Make an Altered Facility Accessible**

30. On information and belief, the Restaurant was modified after January 26, 1992, independently triggering access requirements under the ADA.

31. The ADA also requires that facilities altered in a manner that affects (or could affect) its usability must be made readily accessible to individuals with disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2). Altering an area that contains a facility's primary function also requires adding making the paths of travel, bathrooms, telephones, and drinking fountains serving that area accessible to the maximum extent feasible. *Id.*

32. Here, Defendants altered the Restaurant in a manner that violated the ADA and was not readily accessible to the physically disabled public, including Johnson, to the maximum extent feasible.

**Failure to Modify Existing Policies and Procedures**

33. The ADA also requires reasonable modifications in policies, practices, or procedures, when necessary to afford such goods, services, facilities, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

34. Here, Defendants violated the ADA by failing to make reasonable modifications in policies, practices, or procedures at the Restaurant, when these modifications were necessary to

First Amended Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990

Page 14

afford and would not fundamentally alter the nature of these goods, services, facilities, or accommodations.

35. Johnson seeks all relief available under the ADA *i.e.*, injunctive relief, attorney fees, costs, legal expense for these aforementioned violations. 42 U.S.C. § 12205.

36. Johnson also seeks a finding from this Court *i.e.*, declaratory relief that Defendants violated the ADA in order to pursue damages under California's Unruh Civil Rights Act or Disabled Persons Act.

## VII. SECOND CLAIM
## Disabled Persons Act
## (California Civil Code § 54 *et seq.*)

37. Johnson repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 19 of this Complaint, and incorporates them herein as if separately repled.

38. The Restaurant is a place of public accommodation and/or places to which the general public is invited and, as such, they are obligated to comply with the provisions of the California Disabled Persons Act ("CDPA"), California Civil Code § 54 *et seq.*

39. The CDPA guarantees, inter alia, that persons with disabilities have the same right as the general public to the full and free use of the streets, highways, sidewalks, walkways, public buildings, public facilities, and other public places. California Civil Code § 54.

40. The CDPA also guarantees, inter alia, that persons with disabilities are entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, and privileges of covered entities. California Civil Code § 54.1(a)(1).

41. The CDPA also provides that a violation of the ADA is *a per se* violation of CDPA,

First Amended Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990

Page 15

California Civil Code § 54.1(d).

42. Defendants have violated the CDPA by, inter alia, denying and/or interfering with Plaintiff right to full and equal access as other members of the general public to the accommodations, advantages, and its related facilities due to his disability.

43. Pursuant to the remedies, procedures, and rights set forth in California Civil Code §§ 54.3 and 55, Plaintiff prays for judgment as set forth below.

**VIII. THIRD CLAIM**
**Unruh Civil Rights Act**
**(California Civil Code §51 *et seq.*)**

44. Johnson repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 18 of this Complaint, and incorporates them herein as if separately repled.

45. The Restaurant is a business establishment and, as such, must comply with the provisions of the Unruh Act, California Civil Code § 51 *et seq.*

46. The Unruh Act guarantees, *inter alia,* that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever within the jurisdiction of the State of California. California Civil Code § 51(b).

47. The Unruh Act also provides that a violation of the ADA, or of California state accessibility regulations, is a violation of the Unruh Act. California Civil Code § 51(f).

48. Defendants have violated the Unruh Act by, *inter alia,* denying, or aiding or inciting the denial of, Plaintiff's rights to full and equal use of the accommodations, advantages, facilities, privileges, or services offered at the Restauran

First Amended Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990

Page 16

49. Defendants have also violated the Unruh Act by denying, or aiding or inciting the denial of, Plaintiffs rights to equal access arising from the provisions of the California state accessibility regulations and the ADA.

50. Pursuant to the remedies, procedures, and rights set forth in California Civil Code § 52, Plaintiff prays for judgment as set forth below.

**IX. FOURTH CLAIM**
**(California Health & Safety Code §§ 19955 *et seq.*)**
**Denial of Full and Equal Access to Public Facilities**

51. Johnson repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 19 of this Complaint, and incorporates them herein as if separately repled.

52. Health and Safety Code § 19955(a) states, in part, that: California public accommodations or facilities built with private funds shall adhere to the provisions of Government Code § 4450.

53. Health and Safety Code § 19959 states, in part, that: Every existing (non-exempt) public accommodation constructed prior to July 1, 1970, which is altered or structurally repaired, is required to comply with this chapter.

54. Johnson alleges the Restaurant is a public accommodation constructed, altered, or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code § 4450 or both, and that the Restaurant was not exempt under Health and Safety Code § 19956.

55. Defendants' non-compliance with these requirements at the Restaurant aggrieved or potentially aggrieved Johnson and other persons with physical disabilities. Accordingly, he

First Amended Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990

Page 17

seeks injunctive relief and attorney fees pursuant to Health and Safety Code § 19953.

## X. PRAYER FOR RELIEF

WHEREFORE, Johnson prays judgment against Defendants for:

1. Injunctive relief, preventive relief, or any other relief the Court deems proper.

2. Declaratory relief that Defendants violated the ADA for the purposes of Unruh Act or Disabled Persons Act damages.

3. Statutory minimum damages under either sections 52(a) or 54.3(a) of the California Civil Code (but not both) according to proof.

4. Attorneys' fees, litigation expenses, and costs of suit.

5. Interest at the legal rate from the date of the filing of this action.

Dated: June 26, 2014

*/s/ Irene Karbelashvili*
Irene Karbelashvili, Attorney for Plaintiff
RICHARD JOHNSON

## ***DEMAND FOR JURY***

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

Dated: June 26, 2014

*/s/ Irene Karbelashvili*
Irene Karbelashvili, Attorney for Plaintiff
RICHARD JOHNSON